# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JOHN A. SIGLEY,**
**Claimant Below, Petitioner**

**FILED**

May 5, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 16-0536** (BOR Appeal No. 2051089)
                   (Claim No. 2006022472)

**WEST VIRGINIA DIVISION OF HIGHWAYS,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner John A. Sigley, by Robert L. Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Division of Highways, by Jillian L. Moore, its attorney, filed a timely response.

The issue on appeal is whether Mr. Sigley is entitled to the physical therapy sessions and the medications Flexeril and Hydrocodone. On August 20, 2015, the claims administrator denied the request for physical therapy and medication. The Office of Judges affirmed the decision in its January 11, 2016, Order. The Order was affirmed by the Board of Review on May 9, 2016. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Sigley, an equipment operator, was injured in the course of his employment on December 19, 2005, when he slipped and fell while exiting a truck. The claim was held compensable for shoulder/arm sprain/strain and lumbar sprain/strain. In a January 19, 2007, independent medical evaluation, Jack Koay, M.D., found that Mr. Sigley had reached maximum medical improvement for the compensable injury. In July of 2009, Joseph Grady, M.D., also performed an independent medical evaluation and concluded that Mr. Sigley had reached maximum medical improvement.

1

Mr. Sigley was treated by J. David Lynch, M.D., on May 6, 2011. Dr. Lynch assessed lumbosacral strain, chronic low back pain, and chronic disc disease. It was noted that Mr. Sigley was also being treated by a neurosurgeon for a motor vehicle accident that injured his back. On November 11, 2011, James Dauphin, M.D., recommended in a physician review that the medications Flexeril and Hydrocodone be denied. Dr. Dauphin found that Mr. Sigley had not received medication for the claim since 2006. Further, he was found to be at maximum medical improvement and there was no recommendation for additional treatment in the evaluation. Dr. Dauphin concluded that the symptoms were the result of pre-existing degenerative changes. On November 15, 2011, the claims administrator denied a request for Flexeril and Hydrocodone.

On December 13, 2011, Dr. Lynch assessed chronic lumbar radiculopathy and disc abnormalities at L4-5 and L5-S1. He recommended discontinuing Hydrocodone with Acetaminophen, and Flexeril as Mr. Sigley stated they were not helping. The claims administrator again denied a request for Hydrocodone with Acetaminophen and Flexeril on December 23, 2011. The Office of Judges affirmed the decision on April 9, 2012.

In an affidavit, Tabra West stated that she is a claims adjuster assigned to Mr. Sigley's case. She stated that the last medication authorization for the claim was for Darvocet in June of 2006. Mr. Sigley returned to Dr. Lynch on April 10, 2015. It was noted at that time that he had been off of work since March of 2013 and wished to reopen an old workers' compensation claim dated December 19, 2005. The current diagnoses were listed as lumbar disc displacement, with an onset date of February 26, 2013; degeneration of lumbar disc, with an onset date of August 5, 2013; and lumbosacral joint/ligament sprain/strain, with an onset date of February 26, 2013. Dr. Lynch found Mr. Lynch's condition was unchanged. He noted that he would try to reopen the claim for physical therapy and prescribed Flexeril and Neurontin. That same day, Mr. Sigley submitted a claim reopening application for a date of injury of December 19, 2005. He indicated that he was in an auto accident on February 25, 2010 in which he injured his lower back, arm, neck, and leg. Dr. Lynch completed the physician's section, listing the current diagnoses as lumbosacral strain and lumbar degenerative disc disease.

The StreetSelect Grievance Board concluded on August 18, 2015, that Mr. Sigley reached maximum medical improvement and returned to full duty work after the compensable injury. He went back off of work in March of 2013 for a separate, intervening injury. The Board also noted that documentation requested from Dr. Lynch was not submitted. It concluded that Mr. Sigley sustained merely a sprain/strain as a result of the compensable injury and recommended denying the requested physical therapy and medications. The claims administrator denied physical therapy sessions and the medications Flexeril and Hydrocodone on August 20, 2015.

The Office of Judges affirmed the claims administrator's decision in its January 11, 2016, Order. It found that the claim is only compensable for shoulder and lumbar sprain/strain. Mr. Sigley was found to be at maximum medical improvement in 2006. It was noted that he suffered a non-work-related motor vehicle accident which injured his back and necessitated surgery. The Office of Judges found that Dr. Lynch's reports listed the current diagnoses as displacement of

lumbar disc, with an onset date of February 26, 2013; degeneration of lumbar/lumbosacral intervertebral disc, with an onset date of August 5, 2013; and lumbosacral joint sprain/strain with an onset date of February 26, 2013. All of these are seven or more years after the compensable injury occurred, and the diagnoses of degenerative disc disease and disc protrusions were never part of the compensable claim. The Office of Judges concluded that Mr. Sigley's current symptoms are the result of his non-compensable conditions. The treatment was determined to not be medically necessary or reasonably required for the compensable injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on May 9, 2016.

After review, we agree with the reasoning and conclusions of the Office of Judges as adopted by the Board of Review. It is clear that the requested treatment is not necessary for the compensable injury which was a mere sprain/strain that occurred in 2005.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 5, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

3